**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONNIE ALVIN KENNON,

    Defendant - Appellant.

No. 18-6057
(D.C. No. 5:17-CR-00120-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Ronnie Alvin Kennon was charged in a six-count indictment with drug trafficking and firearm offenses. He entered into a plea agreement and pleaded guilty to Count 1 of the Indictment, charging him with distribution of methamphetamine. The government dismissed the remaining counts. Mr. Kennon was sentenced to 240 months' incarceration—well below the advisory guideline range of 360 to 480 months. Although his plea agreement contained a waiver of his right to appeal his sentence, he filed a notice of appeal.

The government then filed a motion to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004)

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(en banc) (per curiam). In response, Mr. Kennon's counsel filed a motion to withdraw and an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel examines case and determines that appeal would be wholly frivolous). This court gave Mr. Kennon an opportunity to file a pro se response to the motion to enforce. *See id.* The deadline has passed and, to date, Mr. Kennon has not filed a response.

Under *Anders*, we have reviewed the motion and the record and we conclude that the requirements for enforcing the appeal waiver have been satisfied. *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights). Accordingly, we grant the motion to enforce the appeal waiver, grant counsel's motion to withdraw, and dismiss the appeal.

Entered for the Court
Per Curiam
